CARIBBEAN INSURANCE COMPANY, Plaintiff and Appellant, *v.* DISTRICT COURT OF FAJARDO, Defendant and Appellee; AIDA ESTHER NIEVES, ETC., Intervener.

No. O-68-182.        Decided May 6, 1970.

*Elmer Toro Lucchetti* and *Isaías Rodríguez Moreno* for petitioner. *José C. Matta Ruiz* for intervener.

MR. JUSTICE RIGAU delivered the opinion of the Court.

As we recited in *Caribbean Insurance Co.* v. *Superior Court*, 98 P.R.R. 898 (1970), on October 28, 1963, the Superior Court, San Juan Part, at the request of the Commissioner of Insurance of Puerto Rico and pursuant to the provisions of the Insurance Code in relation to the rehabilitation of insurers (§ 40.010 *et seq.* of the Insurance Code; 26 L.P.R.A. § 4001 *et seq.*) issued an order appointing the Commissioner of Insurance as Receiver of the Caribbean Insurance Company and conferring upon him in his capacity as Receiver the powers, functions, duties, and authority which such appointment entails, all that relying on the provisions of the aforecited act.

On June 21, 1967, the Court entered another order by which the properties and administration of the Caribbean were returned to its owners and officers. While the Commissioner was in charge of conducting the business of the Caribbean, the latter continued operating and issued bonds and collected premiums.

On May 4, 1966, the Caribbean, through the agents of the Commissioner of Insurance, issued a judicial bond in the case of *Mejías* v. *Santiago*, CD-66-81, about recovery of money, heard before the District Court, Fajardo Part. Said bond was issued to answer for the damages which the attachment levied on an automobile of his property could cause defendant, said attachment was ordered to secure the effectiveness of the judgment which in due time could fall in favor of plaintiff. In said lawsuit, Santiago, the defendant, filed a counterclaim claiming indemnization for the damages which the attachment caused him.

The District Court dismissed the complaint and granted the counterclaim, punishing plaintiff to pay the sum of $1,040 for damages, plus costs, and $250 for attorney's fees.

On June 20, 1967, the judgment rendered in favor of Santiago having become final, Santiago, by means of his counsel, filed a motion so that the trial court would order the Caribbean to make effective the bond. On June 21, 1967,[1] the court granted the motion and consequently entered an order so that the Caribbean would appear "as plaintiff's surety, to make effective the amount of said judgment, for the sum of $1,040 plus $250 for attorney's fees, within a term of thirty (30) days from the notice of this order."[2]

On June 30, 1967, the Caribbean filed a motion to set aside the order mentioned in the preceding paragraph, alleging as ground that the Commissioner of Insurance was in the process of returning the company to its owners and officers, for which reason the Caribbean did not know how the situation in this case could become affected. The motion

---

[1] As it will be remembered, on that same date the Superior Court, San Juan Part, entered an order returning the properties and administration of the Caribbean to its owners and officers.

[2] It appears in the bond that the Caribbean answers up to an amount of $1,000 for the damages which the attachment could cause. The surety's liability is limited to the amount for which it bound itself in the bond. *Ongay, Inc.* v. *Iriarte*, 84 P.R.R. 538, 541 (1962).

having been heard, the Court set September 18 to discuss the same. On the date set, the Caribbean filed another motion to set aside the judgment, alleging that the Superior Court which entered the rehabilitation order had exclusive jurisdiction over the company. Both motions were denied. The action of the trial court was affirmed by the Superior Court, Humacao Part, by way of certiorari.

We issued writ of certiorari to review the decision of the Superior Court, and, therefore, the action of the trial court. Petitioner broke up its contentions and assigns four errors, but they boil down to the decision by this Court of (1) whether the order entered in the rehabilitation proceeding deprived the trial court of jurisdiction to make the bond effective, and (2) whether our procedural law or the due process of law require that a surety who binds himself to answer for the damages caused by an attachment should be joined as a defendant and should be given opportunity to be heard at the trial.

■ In *Caribbean Insurance Company* v. *Superior Court*, O-67-410, decided on April 6, 1970, 98 P.R.R. 898, we disposed of the first question deciding that said order of rehabilitation rendered by the Superior Court, San Juan Part, did not preclude other courts from rendering judgment against the Caribbean.

■ Let us now turn to the second question which we must decide. As a preliminary point of law, it is pertinent to indicate that although the solidarity of the obligations is not assumed, but there should be an express agreement to that effect, § 1090 of the Civil Code; 31 L.P.R.A. § 3101, the judicial surety has the condition of a joint debtor and cannot demand a levy on the property of the principal debtor. *Muriente* v. *Terrasa*, 22 P.R.R. 686 (1915) and 31 L.P.R.A. § 4973.

■ The petitioner understands that as such joint surety which it is in this case, the proceeding provided in the Code of Civil Procedure should have been followed against it, in order to compel the joint debtors who have not appeared in the action. 32 L.P.R.A. §§ 1331–1336. Said proceeding provides the following rights to the joint debtor: (1) to be summoned to show cause why he should not be bound by the judgment; (2) that the summons be served in the same manner, and returnable within the same time as an ordinary summons; (3) that he may answer the summons setting up certain defenses, and (4) that he may substantiate his defenses at a hearing.

■ We do not agree with petitioner. To the only judicial surety to which said proceeding was made extensive was to the surety who gives the bond to annul the attachment which secures the effectiveness of a judgment, who is also entitled to have an order of execution issued against the party sentenced by the judgment and that the same be returned unexecuted before an order of execution may be requested against him.[3] This is so since in the year 1916 the Act to Secure the Effectiveness of Judgment of 1902 was amended. *Benabe* v. *District Court*, 42 P.R.R. 860, 865 (1931).

■ The proceeding to be followed against judicial sureties in cases like the one at bar is the one described in *Durán* v. *Durán*, 58 P.R.R. 61 (1941). There we expressly rejected the application of the proceeding against joint debtors to cases of judicial sureties. We indicated there that in order to make a judicial surety liable, the correct procedure is for the Court to issue an order requiring the surety to make effective the amount of the judgment or to appear to show causes for which he should not be compelled to pay. Nothing else is necessary.

---

[3] 32 L.P.R.A. § 1084; *Balbaño* v. *Cintrón*, 53 P.R.R. 802 (1938); *Coballes* v. *Municipal Court*, 43 P.R.R. 571 (1932); *Benabe* v. *District Court*, 42 P.R.R. 860 (1931).

In the instant case, however, the order only required to make effective the amount of the judgment. Identical requirement was made in the *Durán* case and the sureties therein appeared opposing the requirement alleging several grounds in their support, including all those which petitioner raises herein.

■ We decided there that the proceeding followed in the case was substantially adjusted to the requirements of the due process of law; that the sureties had the opportunity to intervene and did not do so; that they appeared not to pay the amount of the bond nor to state reasons for their refusal, but to introduce frivolous and dilatory objections, that they had their day in court and ample opportunity to introduce any legal defense which would exempt them from the payment; and that their allegation that they were punished without being heard and without the due process of law having been observed was groundless.[4]

It is fitting to add that the proceeding followed in the *Durán* case results less summary than the one which the federal Rules of Procedure provide to make effective the amount of the judicial bond. Pursuant to federal Rule 65.1 promulgated in the year 1965, the surety binds himself irrevocably to the jurisdiction of the court, and irrevocably appoints the court's clerk as the authorized agent to receive documents related to his obligation. The clerk is bound to send said documents by mail to the surety. In order to compel him to make the bond effective it is sufficient to file a motion to the effect and that the court issue a notice of the same and deliver both to the clerk. Said Rule does not provide for the surety to have the opportunity to show causes for which he should not make effective the amount of the judgment or the bond.

---

[4] Although in *Durán, supra,* a bond to secure the payment of the costs was involved, the case raised a situation equal to that of the instant case.

■ Now then, under our Rules once the court has issued an order for the surety to make effective his obligation in the bond, if he disregards the order or refuses to obey it, the party favored by the order may make effective the obligation of the surety through the proceeding of execution provided in Rule 51. In effect, Rule 51.6 provides that ". . . when obedience to an order may be lawfully enforced against a person who is not a party, he is liable to the same process for enforcing obedience to the order as if he were a party." Therefore, the successful party in the lawsuit may attach and execute the surety's properties to make effective his obligation without any other requirement than that of obtaining the corresponding warrants.

The judgment rendered in the case CD-66-81 on May 19, 1967, by the District Court, Fajardo Part, will be modified in the sense of reducing from $1,040 to $1,000 the surety's liability since this is the amount of the bond and as thus modified it will be affirmed. Petitioner will also be ordered to pay to intervener Santiago Rodríguez Lebrón the sum of $300 as attorney's fees.

The Chief Justice and Mr. Justice Santana Becerra did not participate herein.